IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND J. BERGERON-DAVILA,

                Plaintiff,
    v.

MEDICAL DOCTOR MARTHA J. MACIOPINTO,
MEDICAL DOCTOR JUSTIN RIBAULT,
MEDICAL STAFF DENISE VALERIUS,
HSU MANAGER BUCHANAN, MEDICAL DOCTOR
DOES 1–3,
MEDICAL STAFF DOES 1–8, FOOT DOCTOR DOES
1–2, and
PHYSICAL THERAPIST DOE 1

                Defendants.[1]

OPINION and ORDER

20-cv-13-jdp

---

Pro se plaintiff Raymond J. Bergeron-Davila, who is incarcerated at Columbia Correctional Institution (CCI), alleges that prison staff failed to properly treat his neuropathic pain, his foot pain, and his asthma. He has paid the entire filing fee for this lawsuit, but because he is a prisoner suing prison officials, I must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. I must accept his well-pleaded allegations as true, and I must hold his complaint to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Bergeron-Davila has moved to amend his complaint. Dkt. 10. Because his complaint has not yet been served on defendants, he has the right to amend his complaint once without

---

[1] The court has updated the caption to reflect the amended complaint, Dkt. 9.

my permission. So I will grant that motion. The operative pleading will be his amended complaint, Dkt. 9. He has also filed two motions for emergency screening of his complaint, Dkt. 14 and Dkt. 15, which I will deny as moot because I am screening his complaint now. But I conclude that Bergeron-Davila cannot proceed with any of his claims at this point because his amended complaint violates the Federal Rules of Civil Procedure. He has two options for proceeding, and I will give him a short time in which to tell me how he wishes to proceed. In his response, he must also state whether he has complied with Wisconsin's notice-of-claim statute, which is a requirement for him to bring some of the state-law claims in this lawsuit.

Bergeron-Davila has also filed a motion for preliminary injunctive relief. Dkt. 6. Although I am not allowing him to proceed on any of his claims at this time, I will direct defendants to respond to part of his motion to determine whether immediate action is required.

ANALYSIS

A. Screening the Complaint

The problem with Bergeron-Davila's complaint is that he is trying to bring different sets of claims against different prison officials, which violates Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 20, a plaintiff may name multiple defendants in a lawsuit only if the plaintiff asserts claims against all of them that (1) arise out of the same transaction or occurrence; and (2) include a question of law or fact that will apply to all of the defendants. Once a defendant has been properly joined under Rule 20, the plaintiff may bring any other claims he has against that defendant, whether or not those claims arise out of the same transaction or occurrence or include a common question of law or fact. But a plaintiff may not bring unrelated claims against

defendants who have not been properly joined under Rule 20. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Bergeron-Davila's complaint alleges that he has received deficient treatment for three medical conditions, as summarized below.

1. **Neuropathic pain**

Beginning in October 2019, defendants Buchanan, Ribault, Maciopinto, Valerius, Medical Doctor Doe 1, and Medical Staff Does 1–4 violated the Eighth Amendment to the United States Constitution by refusing to provide Bergeron-Davila with neurogenic pain medications for his neuropathic pain. Dkt. 9, ¶ 6. This pain was caused by his axonal and demyelinating peripheral neuropathy. Because these defendants gave neurogenic pain medications to other inmates with neuropathic pain, their actions also violated the Fourteenth Amendment's Equal Protection Clause. *Id.*, ¶ 9. These defendants also violated the Eighth Amendment by giving him naproxen and acetaminophen together, which made him sick. *Id.*, ¶ 10. They did so despite their knowledge that these drugs should not be combined and despite Bergeron-Davila's warning them that this drug combination was making him sick.

Beginning in September 2019, Buchanan, Ribault, Maciopinto, and Medical Staff Does 1–8 violated the Eighth Amendment by ignoring Bergeron-Davila's repeated verbal and written requests for treatment to halt the progression of his neuropathy and by refusing to allow Bergeron-Davila to complete diagnostics recommended by other medical professionals. *Id.*, ¶¶ 18–19. His condition worsened, causing nerve and muscle degeneration and deterioration, wasting, and difficulty walking without pain.

After Bergeron-Davila's naproxen was discontinued, defendants Buchanan, Maciopinto, Ribault, and Medical Does 1–4 violated the Eighth Amendment by prescribing duloxetine for

3

him. *Id.*, ¶ 12. Bergeron-Davila does not say when this occurred. These defendants did so even though he told them that it should not be taken with venlafaxine, which he was also taking, and that this drug combination was causing him painful and unpleasant side effects.

Maciopinto violated the Eighth Amendment when she refused to investigate whether Bergeron-Davila had multiple sclerosis even though she had told him in December 2019 that he might have the disease. *Id.*, ¶ 21.

### 2. Asthma

Buchanan, Maciopinto, Ribault, and Medical Staff Does 1–4 violated the Eighth Amendment by refusing to allow Bergeron-Davila to use albuterol inhalers to treat his asthma beginning in June 2019. *Id.*, ¶¶ 49–52. These defendants were aware that Bergeron-Davila suffered from asthma because they had access to his medical records or because Bergeron-Davila had told them verbally or in writing. He does not say why they refused to allow him to use an inhaler, but he had used an inhaler in a self-harm attempt in 2018 in another detention facility. Bergeron-Davila has been forced to either illicitly obtain inhalers from other inmates or go without treatment for his asthma, causing him serious pain. These defendants also violated the Fourteenth Amendment's Equal Protection Clause because they allowed other inmates who had attempted to harm themselves with inhalers to use staff-controlled inhalers, but they did not allow Bergeron-Davila to do so. *Id.*, ¶ 56.

### 3. Foot pain

Buchanan, Maciopinto, Ribault, Medical Doctor Does 1–3, Foot Doctor Doe 1, and Physical Therapist Doe 1 violated the Eighth Amendment by refusing Bergeron-Davila's requests that he be allowed to wear his personal shoes. *Id.*, ¶¶ 36–37. He told these defendants that he was in pain because he was allowed to wear only prison-issued hard slippers. These

slippers made it difficult and painful for him to walk and caused him to slip, fall, and twist his ankles. This conduct also violated Wisconsin negligence and medical-malpractice law. *Id.*, ¶ 73.

Buchanan, Maciopinto, Ribault, Medical Doctor Doe 1, Foot Doctor Doe 2, and Medical Staff Does 1–4 violated the Fourteenth Amendment's Equal Protection clause by allowing other inmates with foot problems to wear personal shoes, but not Bergeron-Davila. *Id.*, ¶ 45.

**4. Bergeron-Davila's options for proceeding**

These three sets of claims involve different sequences of events and there is only partial overlap among defendants, so the claims cannot be brought in a single lawsuit. Because all of the defendants Bergeron-Davila names in his asthma claims are also named in his neuropathic-pain claims, he may bring those two sets of claims together in a single lawsuit under Rules 18 and 20. But he names defendants in his foot-pain claims that he does not name in his neuropathic-pain or asthma claims—Medical Doctor Does 2–3, Foot Doctor Doe 1, and Physical Therapist Doe 1. And he names defendants in his neuropathic-pain and asthma claims that he does not name in his foot-pain claims—Valerius and Medical Staff Does 5–8. So he cannot combine his foot-pain claims into a single lawsuit with his neuropathic-pain and asthma claims.

Bergeron-Davila may proceed in one of two ways—by removing claims or removing defendants from this lawsuit. First, he may choose to pursue either (1) his neuropathic-pain and asthma claims or (2) his foot-pain claims and inform the court of his choice of which claims he wishes to pursue under this case number. If he does so, I will treat the portion of his complaint pertaining to those claims as the operative pleading, and I will screen the claims he has chosen. If he wishes to proceed on the set of claims he does not choose for this lawsuit, he

should inform the court of that fact, and he should either submit another $400 filing fee or request leave to proceed in forma pauperis.

Second, he may remove defendants from this lawsuit so that every defendant named in the lawsuit is also included in a single set of claims. To do so, he will not need to file a full amended complaint; he will need only to inform the court that he is removing particular defendants from his lawsuit. If he does so, all remaining defendants will be properly joined under a single set of claims and he will be free to bring his other claims against those defendants. I will then screen his claims against the remaining defendants.

In addition to claims under federal law, Bergeron-Davila also seeks to bring state-law negligence and medical-malpractice claims against defendants concerning the care they provided for his foot pain. But he does not say in his complaint whether he has complied with Wis. Stat. § 893.82, which requires plaintiffs to file a notice of claim with the Wisconsin attorney general before bringing state-law claims other than medical-malpractice claims against state employees. In his response, if he chooses to proceed with his foot-pain claims, he should state whether he complied with the notice-of-claim statute before he filed this lawsuit. If he does not do so, I will not allow him to proceed on his state-law negligence claims.

## B. Request for Preliminary injunction

Bergeron-Davila asks me to order defendants (1) to allow him to access two boxes containing his legal documents; (2) to allow him to access albuterol inhalers for his asthma; and (3) to restrict him from using any stairs because of the risk he might fall due to his neuropathic pain. Dkt. 6. He calls this a request for both a temporary restraining order, which could be granted without notice to defendants, and a preliminary injunction, which would require notice to defendants. *See* Fed. R. Civ. P. 65(a), (b). But this is not the type of

extraordinary situation in which I would grant a plaintiff relief without notice to defendants, so I will construe his motion as a request for a preliminary injunction.

Normally, this court does not ask a defendant to respond to a request for injunctive relief until the plaintiff's complaint has been screened. Accordingly, I will not consider Bergeron-Davila's requests for injunctive relief concerning his legal documents and his use of stairs. But in his request concerning albuterol inhalers, Bergeron-Davila says that he is being forced to obtain used inhalers from other inmates. Sharing inhalers is never sanitary, but under the current circumstances of the COVID-19 pandemic, doing so could place Bergeron-Davila at a serious risk of harm. Accordingly, I will direct service of his complaint on defendants and ask them to respond only to this portion of his request for a preliminary injunction within a short time. Their response can be succinct, and it need not comply fully with the court's procedure on motions for preliminary injunctions. But it should include an affidavit or declaration describing how CCI is treating his asthma and stating why he is not allowed to access inhalers. After defendants file their response, I will determine whether a hearing is necessary.

ORDER

IT IS ORDERED that:

1. Plaintiff Raymond J. Bergeron-Davila's motion to amend his complaint, Dkt. 10, is GRANTED.

2. Bergeron-Davila's motions for emergency screening, Dkt. 14 and Dkt. 15, are DENIED.

3. Bergeron-Davila may have until April 20, 2020, to inform the court whether he wishes to proceed by removing claims or removing defendants from this lawsuit. In this response, he must state whether he has complied with Wisconsin's notice-of-claim statute.

7

4. Defendants must respond to the portion of Bergeron-Davila's motion for a preliminary injunction, Dkt. 6, concerning his access to albuterol inhalers by April 9, 2020, as described in this order.

5. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Bergeron-Davila's complaint and this order are being sent today to the Attorney General for service on defendants for the limited purpose of their response to Bergeron-Davila's motion for a preliminary injunction. Defendants do not need to respond in any other way to Bergeron-Davila's complaint at this time.

Entered March 30, 2020.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge