IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND J. BERGERON-DAVILA,

                      Plaintiff,

v.                                                                                                    ORDER

MARTHA J. MASCIOPINTO, et al.,                                       20-cv-13-jdp

                      Defendants.

---

Pro se plaintiff Raymond Bergeron-Davila has settled and dismissed his claims against the other defendants in this case, but the settlement doesn't include his claims against defendant Martha J. Masciopinto. *See* Dkt. 140. Masciopinto waived service on February 9, 2021, Dkt. 148, at 2, which meant that a response was due by April 10. But she has not answered or otherwise responded to Bergeron-Davila's claims against her. The clerk of court has entered default against Masciopinto. Dkt. 165. Bergeron-Davila now moves for default judgment against Masciopinto in the amount of $500,000 in compensatory damages and $500,000 in punitive damages. Dkt. 167.

Federal Rule of Civil Procedure 55 allows me to grant default judgment to Bergeron-Davila without a hearing only if he has shown that he is entitled to the precise amount he seeks through documentary evidence or detailed affidavits. *E360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Bergeron-Davila has offered no evidence in support of his motion, so I cannot grant a default judgment against Masciopinto without a hearing.

**The court will hold a default judgment hearing on June 23, 2021, at 10:00 a.m.** Bergeron-Davila will appear by videoconference. If Masciopinto wishes to challenge the entry

of default judgment against her, then she should contact the court to arrange to participate by telephone or videoconference.

At the hearing, Bergeron-Davila will not need to prove that Masciopinto violated his rights because that has been established by Masciopinto's default. But Bergeron-Davila is entitled to reasonable compensation only for the losses that he suffered as a result of Masciopinto's conduct. And because Bergeron-Davila is a prisoner, he may recover damages for emotional harm only if he proves that he suffered a physical injury because of Masciopinto's conduct. 42 U.S.C. § 1997e(e). If Bergeron-Davila cannot prove any compensable harm, he will receive nominal damages of $1. To recover punitive damages against Masciopinto, Bergeron-Davila will have to show that she acted with "evil motive or intent" or with "reckless or callous indifference" to his constitutional rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983).

At the hearing, Bergeron-Davila may present his own testimony about the harm he suffered in a narrative form (that is, without asking himself questions). His testimony should be based on his own observations and experience. He may also present other evidence, such as medical records, that corroborate his testimony or show the extent of the injuries he suffered.

ORDER

IT IS ORDERED that:

1. The court will hold a default judgment hearing by videoconference on June 23, 2021, at 10:00 a.m. The clerk of court is directed to set up the videoconference.

2. The clerk of court is directed to send a copy of this order to defendant Martha J. Masciopinto by mail and email to the addresses on the waiver of service form, Dkt. 148.

Entered May 17, 2021.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge